UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TRACY ANN BARTOLOMEO,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON CHARTER TOWNSHIP, *et al.*,<br><br>Defendants. | Case No. 23-cv-12385<br>Honorable Gershwin A. Drain<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS OR TO DISMISS FOR LACK OF JURISDICTION (ECF NO. 27)**

I.  **Introduction**

Plaintiff Tracy Ann Bartolomeo, proceeding pro se, sues Defendant Brandon Charter Township and three of its employees. ECF No. 1. The Honorable Gershwin A. Drain referred the case to the undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 32. Defendants move for judgment on the pleadings or to dismiss for lack of jurisdiction. ECF No. 27. The Court **RECOMMENDS** that their motion be **GRANTED** and that Bartolomeo's complaint be dismissed without prejudice.

II.     ackground

In June 2022, Bartolomeo installed a six-foot fence along the perimeter of her residential property in Brandon Township, Michigan.  ECF No. 1, PageID.2-3.  In July 2022, Defendant Jason Wilton, a Township building inspector, sent Bartolomeo notice that her fence violated a local ordinance restricting fences to four feet in height.  *Id.*, PageID.3, 18.  The notice gave Bartolomeo 15 days to comply with the ordinance.  *Id.*, PageID.18.  In September 2022, Defendant Joe Harris, a Township code enforcement officer, sent Bartolomeo another notice that her fence violated the ordinance.  *Id.*, PageID.4, 20.  It stated that it was a final notice and that Bartolomeo had 15 days to comply "to avoid any future notices or enforcement action."  *Id.*, PageID.20.

After receiving the notices, Bartolomeo sent Defendant Jayson Runball, the Township supervisor and personnel director, three Freedom of Information Act (FOIA) requests for the Township's charter to determine what authority the Michigan legislature granted the Township.  *Id.*, PageID.4, 19.  She allegedly received no response.  *Id.*, PageID.4.

Bartolomeo's claims are difficult to parse.  As far as the Court can discern, she asserts three constitutional claims under 42 U.S.C. § 1983: (1) a regulatory taking without just compensation in violation of the Fifth Amendment, (2) deprivation of equal protection in violation of the

Fourteenth Amendment, and (3) deprivation of procedural and substantive due process in violation of the Fourteenth Amendment.  *Id.*, PageID.2, 5-8.  She also asserts a state-law FOIA claim and alleges that defendants violated both Michigan's Charter Township Act of 1947 and the Fences and Fence Viewers Act of 1978, and acted beyond the scope of their authority conferred under state law.  *Id.*, PageID.6.

### III. Analysis

### A.

Defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1), arguing that Bartolomeo lacks standing and that her claims are not ripe.  ECF No. 27, PageID.235-239.  Rule 12(b)(1) permits dismissal of an action for lack of subject-matter jurisdiction.  "A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)."  *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014).  A facial attack questions whether the plaintiff has alleged a plausible basis for subject-matter jurisdiction, while a factual attack challenges the factual existence of subject-matter jurisdiction.  *Id.*

When, as here, the defendant mounts a factual attack, "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power

3

to hear the case." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Thus, "a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings." *Cartwright*, 751 F.3d at 759-60 (cleaned up). The plaintiff bears the burden of showing that subject-matter jurisdiction exists. *Id.* at 760.

Article III limits federal courts' subject-matter jurisdiction to actual cases and controversies, a requirement enforced through the "justiciability doctrines" of standing and ripeness. *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279-80 (6th Cir. 1997). The Court addresses defendants' standing and ripeness arguments in turn.

**1.**

To prove standing, a plaintiff must show three elements: "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). "If the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." *Id.* (cleaned up).

Defendants argue that Bartolomeo suffered no injury because she asserts only a threat of future enforcement by the Township. ECF No. 27, PageID.236-238. They emphasize that she has received two pre-enforcement notices but has not yet been prosecuted or received a final decision from the Zoning Board of Appeals (ZBA). *Id.* But a plaintiff shows an injury in fact when she "alleges an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." *Kiser v. Reitz*, 765 F.3d 601, 608 (6th Cir. 2014) (cleaned up); *see also Hightower v. City of Grand Rapids*, 256 F. Supp. 3d 742, 749 (W.D. Mich. 2017). A threat of prosecution exists when "a plaintiff has engaged in a course of conduct and the state has instructed him to stop or face disciplinary action." *Kiser*, 765 F.3d at 608 (cleaned up).

Bartolomeo received two notices ordering her to comply with the ordinance or face enforcement action. ECF No. 1, PageID.18, 20. Bartolomeo's fence, at six feet, is indisputably taller than the four feet permitted under the ordinance. She does not allege that she has modified her fence to comply with the ordinance or that she has any intention of doing so. Nor do defendants maintain that the Township will not enforce the ordinance against Bartolomeo if she does not modify her fence. Thus, Bartolomeo likely faces enforcement action by the Township, which may

involve fines or other sanctions. Because defendants made a clear threat of enforcement in their notices, Bartolomeo has alleged an injury in fact. *See Kiser*, 765 F.3d at 609 (warning letters that did not commence an official enforcement action showed a credible threat of prosecution); *Mattia v. City of Ctr. Line*, No. 17-11169, 2017 WL 6422069, at *4 (E.D. Mich. Dec. 18, 2017) (an officer's warning that the plaintiff would be cited for violating an ordinance if he did not stop publicly displaying a sign presented a credible threat of prosecution). Bartolomeo has adequately pleaded injury in fact.

**2.**

Defendants next contend that Bartolomeo's taking, equal protection, and due process claims are not ripe. ECF No. 27, PageID.237. The ripeness doctrine "requires that the injury in fact be certainly impending," separating "those matters that are premature because the injury is speculative and may never occur from those that are appropriate for the court's review." *Magaw*, 143 F.3d at 280 (cleaned up). Put differently, ripeness concerns the timing of an action and "prevents courts from handling cases that have not yet matured into full-blown disputes" and from rendering advisory opinions. *Saginaw Cnty. v. Stat Emergency Med. Serv., Inc.*, No. 4:17-cv-10275, 2018 WL 3631966, at *3 (E.D. Mich. July 31, 2018) (cleaned up).

The Supreme Court held in *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank* that a Fifth Amendment regulatory taking claim is not ripe unless two conditions are met:

> (1) the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue; and (2) if the state had a reasonable, certain and adequate provision for obtaining just compensation at the time of the taking, just compensation was sought and denied through that procedure.

*Arnett v. Myers*, 281 F.3d 552, 562 (6th Cir. 2002) (quoting *Williamson*, 473 U.S. 172, 187, 194 (1985)) (cleaned up).  The Supreme Court later overruled the second factor requiring landowners to seek compensation under the state's inverse condemnation process.  *Knick v. Twp. of Scott*, 588 U.S. 180, 206 (2019).  But the first factor requiring a final decision remains valid.  *Id.* at 187-88; *F.P. Dev., LLC v. Charter Twp. of Canton*, 456 F. Supp. 3d 879, 886 n.1 (E.D. Mich. 2020).

The Township did not reach a final decision about Bartolomeo's fence.  Defendants determined that the fence violated § 46-243 of the Township's code of ordinances—a section within Chapter 46, which regulates zoning.  See ECF No. 1, PageID.18, 20.[1]  A zoning determination "cannot be deemed final until the plaintiffs have applied for, and been

---

[1] *See* Brandon Charter Township Code of Ordinances, https://library.municode.com/mi/brandon_charter_township,_(oakland_co.)/codes/code_of_ordinances (last visited June 14, 2024).

denied, a variance." *Seguin v. City of Sterling Heights*, 968 F.2d 584, 587 (6th Cir. 1992); *see also Knick*, 588 U.S. at 187-88 (*Williamson*'s holding that a taking claim was not ripe if a landowner could seek a variance remained valid). The ZBA can hear appeals about "all administrative orders, requirements, decisions or determinations made by an administrative official charged with enforcement" of Chapter 46, including requests for dimensional variances. ECF No. 27-4, PageID.264-265 (cleaned up).

Bartolomeo does not claim that she sought a variance. Instead, she argues that the Township served her with a "final notice" that threatened enforcement of the ordinance and did not refer to an appeals process. ECF No. 34, PageID.344, 348-349. But the appeals process is in the Township's code of ordinances, and "everyone dealing with a municipality and its agents is charged with knowledge of the provisions of lawfully adopted ordinances." *Hughes v. Almena Twp.*, 284 Mich. App. 50, 78 (2009) (cleaned up). Thus, Bartolomeo's taking claim is not ripe and should be dismissed.

Bartolomeo argues that her taking claim is ripe because a facial challenge is "'ripe the moment the challenged ordinance is passed.'" ECF No. 34, PageID.345, 353 (quoting *F.P. Dev.*, 456 F. Supp. 3d at 886). But nothing in Bartolomeo's complaint suggests that she challenges the fence

8

ordinance on its face. All her allegations concern defendants' application of the ordinance to her property, "not the mere enactment or existence" of that ordinance. *See McCausland v. Charter Twp. of Canton*, No. 18-12409, 2019 WL 4746763, at *4 (E.D. Mich. Sept. 30, 2019). And although *F.P. Development* held that the plaintiff's as-applied taking claim was ripe because requesting a permit would have been futile, Bartolomeo does not allege that seeking a variance would have been futile. *See* 456 F. Supp. 3d at 886.

Bartolomeo's equal protection and due process claims are subject to the same ripeness requirement as her taking claim. *Arnett*, 281 F.3d at 562 ("Procedural due process and equal protection claims that are ancillary to taking claims are subject to the same *Williamson* ripeness requirements."); *Bigelow v. Mich. Dep't of Nat. Res.*, 970 F.2d 154, 158-60 (6th Cir. 1992) ("The final decision is applicable to substantive due process and equal protection claims." (cleaned up)). In some cases, procedural due process claims are "instantly cognizable in federal court without requiring a final decision from the responsible municipal agency." *Bigelow*, 970 F.2d at 159 (quoting *Nasierowski Bros. Inv. Co. v. City of Sterling Heights*, 949 F.2d 890, 894 (6th Cir. 1991)). But *Bigelow* held that the ripeness analysis still applies when the case "does not present a pure claim of procedural due process, but instead involves several constitutional

9

claims." *Id.* at 159. That is, the finality requirement applies to procedural due process claims that are ancillary to the other constitutional claims. *Id.* at 160; *see also Insomnia, Inc. v. City of Memphis*, 278 F. App'x 609, 614 (6th Cir. 2008) ("*Bigelow* subsequently limited the reach of *Nasierowski Brothers* to only a subset of *purely procedural* challenges to land use regulations.").

Bartolomeo's procedural due process claim is ancillary to her taking claim. The complaint focuses on defendants' application of the ordinance and does not allege how the process available to her was inadequate. Thus, the finality requirement applies to Bartolomeo's procedural and substantive due process claims and to her equal protection claim. Those claims are not ripe for the reasons discussed about her taking claim and should be dismissed.

**B.**

Bartolomeo also asserts state-law claims for alleged violations of Michigan's FOIA, the Charter Township Act of 1947, and the Fences and Fence Viewers Act of 1978 and for allegedly acting beyond the scope of the authority conferred to the Township under state law. Because Bartolomeo's constitutional claims fail, the case does not retain a federal character. Under 28 U.S.C. § 1367(c)(3), the court should decline to extend supplemental jurisdiction over Bartolomeo's state-law claims and

10

dismiss them without prejudice. *See Brown v. Cuyahoga Cnty.*, 517 F. App'x 431, 436 (6th Cir. 2013) ("[Twenty-eight] U.S.C. § 1367 allows a district judge to decline to exercise supplemental jurisdiction over state-law claims if the district court has dismissed all claims over which it has original jurisdiction." (cleaned up)).

## IV. Conclusion

The Court **RECOMMENDS** that defendants' motion (ECF No. 27) be **GRANTED** because Bartolomeo's claims are not ripe and, thus, subject matter jurisdiction is lacking. The dismissal should be without prejudice. *See Simpson-Vlach v. Michigan Dep't of Educ.*, 616 F. Supp. 3d 711, 738 (E.D. Mich. 2022), *aff'd*, No. 22-1724, 2023 WL 3347497 (6th Cir. May 10, 2023), *cert. denied*, 144 S. Ct. 1004 (2024) (dismissal for lack of subject matter jurisdiction is not on the merits and is thus without prejudice).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 20, 2024

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's

11

findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 20, 2024.

12

s/Donald Peruski
DONALD PERUSKI
Case Manager

13