UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY ANN BARTOLOMEO,

    *Plaintiff*,

v.

BRANDON, CHARTER TOWNSHIP,
*et al.*,

    *Defendants*.

_____/

Case No. 2:23-cv-12385

District Judge
Gershwin A. Drain

Magistrate Judge
Elizabeth A. Stafford

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#36], GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [#27], AND OVERRULING PLAINTIFF'S OBJECTIONS [#37]**

This matter is before the Court on a Motion for Judgment on the Pleadings (ECF No. 27) filed on February 2, 2024 by Defendants Charter Township of Brandon, Joe Harris, Jason Wilton, and Jayson Runball (collectively, "Defendants"). The Court referred this matter to Magistrate Judge Elizabeth A. Stafford, who issued a Report and Recommendation on June 20, 2024. *See* ECF Nos. 32, 36. Judge Stafford recommends that the Court grant Defendants' motion and dismiss Plaintiff's case without prejudice for lack of ripeness. ECF No. 36, PageID.433.

The Court now considers Plaintiff's Objections to the Report and Recommendation (ECF No. 37), as well as Defendants' responses (ECF No. 38). Upon consideration, the Court finds that Judge Stafford reached the correct

1

conclusion and that Plaintiff fails to offer proper objections to the Report and Recommendation.

## I. BACKGROUND

The Report and Recommendation sets forth the facts and procedural posture of this case, and neither party objects to the recitation of the facts. ECF No. 36, PageID.424–425. Thus, the Court incorporates them by reference and does not recite them here.

## II. PLAINTIFF'S OBJECTIONS

Plaintiff raises four objections to the Report and Recommendation. For the reasons discussed below, the objections are overruled.

### A. Legal Standard

The Court reviews *de novo* the portions of a report and recommendation to which proper objections are made. Fed. R. Civ. P. 72(b)(3); *Kloss v. RBS Citizens, N.A.*, 996 F. Supp. 2d 574, 580 (E.D. Mich. 2014) (holding that the standard of review for a magistrate judges' report and recommendation is *de novo*). A party's objections to a report and recommendation must be specific, and they must clearly state the grounds for each objection. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.") (Quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Objections not currently before this Court

have not been preserved for appellate review. "[M]aking some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

**B.     Plaintiff's Improper Objections Must Be Dismissed.**

The Sixth Circuit has made clear that an objection to a magistrate judge's report and recommendation is not valid unless the objecting party "identif[ies] the portions of the magistrate's recommendation to which objection is made and the basis for the objection." *Martin v. LaBelle*, 7 F. App'x 492, 494 (6th Cir. 2001) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). As such, "a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed." *Id.* A "party is not entitled to the district court's *de novo* review if the party's objections are conclusory or general." *Cannon v. Potter*, No. 1:16-cv-1849, 2019 U.S. Dist. LEXIS 156048, at *5 (N.D. Ohio Sep. 12, 2019) (citing *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) ("The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.")).

In each of Plaintiff's four objections, she fails to identify any particular portion of Judge Stafford's Report and Recommendation to which she takes issue. Nowhere in Plaintiff's objections does she accuse Judge Stafford of applying faulty reasoning, of improperly relying on certain law or evidence, or of otherwise arriving

3

at her conclusion in error. Instead, Plaintiff issues general objections that regurgitate her arguments that the fence height ordinance is unconstitutional, that the ordinance constitutes an unlawful taking, that the ordinance is discriminatorily applied, and that Defendant does not have the authority to regulate the height of her fence. ECF No. 37, PageID.440–443. Judge Stafford considered and rejected these arguments in her Report and Recommendation.

Such restated arguments do not constitute valid objections, and they are not entitled to review by this Court. *Tighe v. Berghuis*, No. 1:12-cv-1314, 2016 U.S. Dist. LEXIS 135413, at *9 (W.D. Mich. Sep. 30, 2016) ("Petitioner merely reargues his claims and points to no specific error in the Magistrate Judge's analysis or conclusions. Such general argument does not constitute proper objection to a Report and Recommendation"); *Harper v. Arkesteyn*, No. 19-CV-11106, 2022 U.S. Dist. LEXIS 147617, at *3 (E.D. Mich. Aug. 17, 2022) ("General objections, or ones that merely restate arguments previously presented to the magistrate judge, are not valid objections and are 'tantamount to a complete failure to object.'") (quoting *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001)). And to the extent Plaintiff believes she is asserting in her objections new arguments not previously presented, to do so would also be improper. *Washington v. AT&T Umbrella Ben. Plan No. 3*, No. 2:21-CV-11397-TGB-JJCG, 2022 U.S. Dist. LEXIS 177510, at *18 (E.D. Mich. Sep. 29, 2022) ("[I]t is particularly inappropriate for parties to introduce, in objections to a

4

magistrate judge's report and recommendation, evidence or arguments that were not presented to the magistrate.").

In sum, because Plaintiff merely refashions arguments previously presented, she fails to present this Court with an objection entitled to review.

### III. CONCLUSION

For the foregoing reasons, the Court will **ACCEPT AND ADOPT** the Report and Recommendation (ECF No. 36) as this Court's findings of fact and conclusions of law. Defendant's Motion for Judgment on the Pleadings (ECF No. 27) is **GRANTED**. Plaintiff's Objections (ECF No. 37) are **OVERRULED**, and the case is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**.

Dated: July 25, 2024         /s/ Gershwin A. Drain
                             GERSHWIN A. DRAIN
                             U.S. DISTRICT JUDGE

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 25, 2024, by electronic and/or ordinary mail.
/s/Marlena Williams
Case Manager